SADIE JACOBS *vs.* LENA JACOBS.

Bristol.    October 25, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Evidence,* Self-serving statement. *Practice, Civil,* Exceptions: whether error harmful.

At the trial of an action of tort by a wife against the mother of her husband for alienation of the husband's affections, it was proper to exclude evidence, offered for the purpose of showing absence of malice on the part of the defendant, to the effect that the defendant asked the husband's brother to call on the plaintiff and her husband and to try to "patch up the differences" between them, such evidence being merely of a self-serving statement by the defendant, not made in the presence of the plaintiff.

At the trial above described, it further appeared that the substance of the evidence thus offered later was given in testimony by the witness in narration of conversation between him and the plaintiff; and it was *held,* that an exception to its original exclusion must be overruled for the further reason that the defendant suffered no harm by such exclusion.

TORT. Writ dated June 21, 1926.

In the Superior Court, the action was tried before *Hanify*, J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $3,500. The defendant alleged exceptions.

The case was submitted on briefs.

*M. Entin*, for the defendant.

*H. S. R. Buffinton & R. C. Westgate*, for the plaintiff.

RUGG, C.J. The plaintiff seeks in this action to recover damages for alienation of the affections of her husband by his mother, the defendant. There was evidence tending to show that the defendant had alienated the affections of the plaintiff's husband and had acted with malice. The defendant called another son as a witness, who testified that he visited the plaintiff and her husband at the request of his mother. An offer of proof, for the purpose of showing absence of malice on the part of the defendant, was made in response to an appropriate question (excluded by the court on objection by the plaintiff) to the effect that the defendant asked him to call on the plaintiff and her husband and to try to "patch up the differences" between them. The substance of this offer of proof was later given in testimony by this witness in narration of conversation between him and the plaintiff. There was no error in the exclusion of this offer of proof. It was a self-serving statement by the defendant, not made in the presence of the plaintiff, and falls within no one of the exceptions that might make such statements admissible in evidence. *Viles* v. *Waltham*, 157 Mass. 542. Moreover, the defendant suffered no harm, because the substance of the offer of evidence was subsequently admitted through the same witness.

*Exceptions overruled.*